**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| LISA NOBLES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 2:10-CV-04175-NKL |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiffs Lisa Nobles, Jason Atchison, and all others similarly situated ("Plaintiffs") bring this action pursuant to the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. §§ 201-219 (2006), against State Farm Mutual Automobile Insurance Company ("State Farm"). They allege that due to State Farm's willful failure to pay overtime compensation and to keep accurate time records, State Farm violated the maximum hours provision of the FLSA, 29 U.S.C. § 207. Plaintiffs also allege state wage law violations in Missouri and Oklahoma, and an unjust enrichment claim. Before the Court is a motion to dismiss filed by State Farm [Doc. # 58] pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court denies the Motion to Dismiss.

**I.     Background**

The following facts are taken from Plaintiffs' Amended Complaint [Doc. # 79] and are assumed true for purposes of this motion to dismiss.

1

State Farm is a mutual benefit company that provides insurance products and services to consumers nationwide. Its principal place of business is Bloomington, Illinois. State Farm also maintains operations centers in several other states across the country, including Alabama, Arizona, Colorado, Florida, Georgia, Indiana, Maryland, Minnesota, Missouri, Nebraska, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, Tennessee, Texas, Virginia, Washington, and Wisconsin. Plaintiff Lisa Nobles previously worked as a claims processor at State Farm's operations center in Columbia, Missouri, and is a resident of Missouri. Plaintiff Jason Atchison worked as a claims representative in State Farm's operations center in Tulsa, Oklahoma, and is a resident of Oklahoma.

Plaintiffs Nobles and Atchison claim that State Farm encourages its hourly employees who are not exempt from the protection of the FLSA, 29 U.S.C. § 213, including Plaintiffs, to view themselves as salaried workers. Other positions held by non-exempt, hourly employees who are similarly situated with Plaintiffs include without limitation: Claims Service Assistant, Claims Processor, Claims Representative, Underwriter, Auditor, and Account Representative (collectively, "employees"). Plaintiffs allege that State Farm's policy is to pay these employees on a standard number of hours–typically 38.75 hours per week, plus any scheduled overtime–regardless of the number of hours worked. Plaintiffs often work over forty hours in a work week in addition to routinely working before and after shifts and during lunch breaks.

Although State Farm maintains a computer program that permits employees to enter "exceptions" indicating additional hours worked, Plaintiffs allege that it is State Farm's

2

practice to enter exceptions only for scheduled overtime, as opposed to time spent working before and after shifts or during lunch breaks. Plaintiffs state that before shifts, they routinely arrive at their work stations early to log into various computer programs necessary to perform their jobs and to read and respond to emails and memoranda that arrived since the end of their previous shifts. After their shifts have ended, they routinely finish telephone calls, handle administrative tasks, and close or log out of computer programs. During scheduled, unpaid meal breaks, they regularly return to their work stations to complete unfinished administrative tasks. Plaintiffs state that employees did not accurately or independently record the time they worked, but assert that State Farm could have employed other systems to accurately account for hours worked, such as a time clock or use of security badge swiping.

Plaintiffs state that with the exception of employees who work in California, all employees at State Farm's operations centers nationwide were subject to the same polices and practices. Plaintiffs claim violations under the FLSA, as well as the laws of Missouri and Oklahoma law. They seek compensatory and liquidated damages as well as fees, costs, and expenses incurred in this litigation.

In Count I, Plaintiffs bring their FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In Count II, Plaintiff Nobles brings a Missouri Minimum Wage Law claim, and in Count III, she brings an unjust enrichment claim. Plaintiff Nobles brings both Counts II and III individually and on behalf of all others similarly situated in a Rule 23 class action. In Count IV, Plaintiff Atchison brings an Oklahoma wage law claim individually and

3

as a Rule 23 class action.

## II. Discussion

### A. Exhibits Submitted by State Farm with Its Motion to Dismiss

As a preliminary matter, State Farm submitted with its Motion to Dismiss several exhibits, including a document entitled "Pay Policy for U.S. Employees" and excerpts from various depositions, including those of Plaintiffs Nobles and Atchison. State Farm argues that the Court may consider these exhibits in considering its ruling without converting State Farm's motion into a motion for summary judgment despite Federal Rule of Civil Procedure 12(d), which states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

The exhibits submitted by State Farm are neither items in the public record, judicial proceedings, nor related cases, and the Court declines to take judicial notice of Defendant's exhibits. It is not clear to the Court that Plaintiffs challenge only State Farm's written pay policy. Rather, Plaintiffs' Amended Complaint refers to State Farm's "practice and policy" to deny wages and overtime to Plaintiffs, [Doc. #79, ¶ 1], which may not be confined to State Farm's written policy. Thus, what comprises State Farm's "practice and policy" remains a factual issue. Further, State Farm argues that Plaintiffs lack the personal knowledge they allege in their Amended Complaint. Despite State Farm's characterization to the contrary, they rely on the attached depositions to contradict those allegations. For the foregoing

4

reasons, were the Court to consider State Farm's exhibits, it would have to convert State Farm's motion to a motion for summary judgment. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999).

The Court declines to convert State Farm's motion to a summary judgment motion given the fact that discovery is not yet complete. Therefore, the Motion to Dismiss will be resolved by considering the pleadings only and not the exhibits submitted by State Farm.

### B. Standard of Review

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

### C. FLSA Claim

In Count I, Plaintiffs seek to recover for State Farm's violation of the FLSA's

maximum hours provision, 29 U.S.C. § 207(a)(1):

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Plaintiffs bring this action under the FLSA, 29 U.S.C. § 216(b) (penalizing employers that violate section 207) and assert that State Farm acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA.

In order to survive a motion to dismiss on their FLSA collective action claim, Plaintiffs must allege the following: 1) an employee-employer relationship exists between Plaintiffs and State Farm; 2) Plaintiffs' work involves interstate activity; 3) the approximate hours worked for which wages were not received; and 4) who other similarly situated employees are and facts that would entitle them to relief. *See Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). State Farm does not dispute that the first two elements have been established.

The Court finds that Plaintiffs have adequately alleged all of the elements. First, Plaintiffs are not required to allege the number of hours of overtime they worked. Plaintiffs have sufficiently described an ongoing policy by which State Farm routinely requires that work tasks such as logging into computer programs, answering emails, and completing phone calls be performed before and after shifts and during lunch breaks. While Plaintiffs do not propose a numerical figure, they adequately describe the time worked for which they did not

6

receive wages. State Farm's suggestion that some number of hours be alleged and its reliance on *Zhong* for support is misplaced. In that case, the plaintiff merely alleged that he worked "beyond 40 hours per week," despite the fact that he also asserted that his typical weekly hours amounted to only twenty hours per week. The court acknowledged that although the plaintiff could have worked beyond forty hours on distinct occasions, he did not sufficiently assert such facts in his complaint. *Zhong*, 498 F. Supp. 2d at 630. Plaintiffs here do not suffer from the deficiency or seeming contradiction among their alleged facts that is described in *Zhong*. Rather, Plaintiffs clearly allege that they often work over forty hours in a work week, not including the time at issue in the litigation. Further, they allege that it is due to State Farm's practice and policy that they were denied overtime compensation for the overtime work at issue. Unlike the isolated instances of overtime that may have been possible in *Zhong* but were not sufficiently plead, Plaintiffs claim that State Farm maintains a policy that prevents Plaintiffs from receiving pay for routinely performed overtime work.

Next, Plaintiffs adequately allege that employees, who perform jobs such as Claims Service Assistant, Claims Processor, Claims Representative, Underwriter, Auditor, and Account Representative, are also similarly situated. Plaintiffs assert that State Farm's practice and policy of requiring work tasks to be performed before and after shifts and during lunch breaks, also applies to these employees, and as such, they are also be entitled to relief. Whether such a proffered class is certifiable will be determined at a later stage of litigation. Indeed, the cases cited to by State Farm in support for dismissal of Plaintiffs' claims concern class approval, and not whether a class is adequately plead. *See, e.g.*, *Young v. Cerner Corp.*,

7

503 F. Supp. 2d 1226 (W.D. Mo. 2007); *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941 (D. Ark. 2003).

Plaintiffs also allege that State Farm's actions have been willful, which has the practical effect of extending the statute of limitations from two years to three years. 29 U.S.C. § 255(a). State Farm asserts that Plaintiffs' allegations of willfulness are inadequately plead because Plaintiffs assert only that "State Farm willfully failed to pay overtime compensation and willfully failed to keep accurate time records in order to save payroll costs," and "Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay . . . because State Farm acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA." [Doc. #79, ¶¶ 23, 45]. The Court disagrees with this characterization of Plaintiffs' Amended Complaint. Plaintiffs additionally allege that State Farm employs a practice of failing to use its exception report system and has failed to keep appropriate time records, thus corroborating Plaintiffs' claims that State Farm acted wilfully in failing to compensate for overtime. *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002) (finding that a jury could find willful behavior if an employer knowingly under-reported its employee's work hours). Plaintiffs' allegations are sufficient to survive a motion to dismiss. Moreover, Rule 9(b) of the Federal Rules of Civil Procedure states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). While the Court recognizes that Rule 9 specifically addresses fraud and mistake, there is no reason to suggest that it would not be equally applicable to a claim such as this which is not subject to

the even higher pleading standards of Rule 9.

State Farm also argues that Plaintiffs allegations provide the Court with insufficient information to determine whether their alleged overtime work consists of or relate to their principal work. State Farm similarly argues that Plaintiffs provide little detail as to State Farm's policy and practice. However, even under *Twombly*, Plaintiffs are not required to plead with such specificity. That Plaintiffs have described what comprises their overtime tasks, how those tasks relate to their job duties, and the practice and policy by which State Farm prevents appropriate compensation is sufficient at this stage of litigation. Plaintiffs have adequately plead their FLSA claim.

### D. State Law Claims

The relevant portions of Missouri Wage Law and Oklahoma wage law do not diverge from the FLSA. *See* Mo. Rev. Stat. § 290.505; Okla. Stat. tit. 40, §§ 165.1, 165.9. Additionally, State Farm does not separately or specifically address the sufficiency of Plaintiffs' unjust enrichment claim. Thus, the Court finds that Plaintiffs have adequately plead each of their state law claims.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant State Farm's Motion to Dismiss [Doc. # 58] is DENIED.

s/ Nanette K. Laughrey<br>NANETTE K. LAUGHREY<br>United States District Judge

Dated: March 28, 2011
Jefferson City, Missouri