IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LISA NOBLES and JASON ATCHISON, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:10-CV-04175-NKL |

**ORDER**

Before the Court are the Defendant State Farm's Motion for Partial Judgment on the Pleadings and Motion for Partial Summary Judgment [Doc. # 120]. For the following reasons, the Court grants the Motion for Partial Judgment on the Pleadings and denies the Motion for Partial Summary Judgment.

**I.     Background**

Plaintiffs Lisa Nobles and Jason Atchison, individually and on behalf of all others similarly situated, allege that Defendant State Farm's failure to pay employees their earned and overtime wages violates the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*, ("FLSA").

In Paragraph 33 of Plaintiffs' Second Amended Complaint, Plaintiffs state that they "seek relief on a collective basis challenging, among other FLSA violations, State Farm's

practice of failing to accurately record all hours worked and failing to pay employees for all hours worked." [Doc. #106 at 9]. Plaintiffs state specifically that it is "State Farm's practice not to enter exceptions for time spent working before [] employees' shifts, over unpaid lunch breaks, or after the conclusion of the shift." [Doc.# 106 at ¶¶18 and 12].

The FLSA requires employers to create and maintain certain records concerning their employees. 29 U.S.C.§211©. The Department of Labor's implementing regulation, specifically 29 C.F.R. § 516.2 (a)(7), requires employers to record the [h]ours worked each workday and total hours worked each workweek" for overtime eligible employees. For employees working "fixed schedules," employers can adopt an alternative system:

> With respect to employees working on fixed schedules, an employer may maintain records showing instead of the hours worked each day and each workweek as required by paragraph (a)(7) of this section, the schedule of daily and weekly hours the employee normally works. Also,
>
> (1) In weeks in which an employee adheres to this schedule, indicates by check mark, statement or other method that such hours were in fact actually worked by him, and
>
> (2) In weeks in which more or less than the scheduled hours are worked, shows that exact number of hours worked each day and each week.

29 C.F.R. 516.2(c)(1).

State Farm alleges that it meets the requirements of 29 C.F.R. § 516.2 (a)(7) through its Work Hours and Time Worked Policy. [Doc. # 121 at 3]. This policy states that "the standard workweek...consists of 38:45 work hours" and the "majority of full-time positions have a 'standard workday' comprised of 7:45 work hours plus a 30 minute or 45 minute non-paid meal period." [Doc.#121, Ex. A, Doc.#126 at 6-7]. State Farm also points to a

2

Case 2:10-cv-04175-NKL   Document 131   Filed 09/07/11   Page 2 of 9

"Timecard Completion Policy" which requires employees to submit a timecard in the event of enumerated "exceptions" to this schedule such as overtime or shift changes. [Doc.#121, Ex. B]. State Farm further points to its payroll records, particularly its paystub, as constituting a method of verifying that the standard hours were worked by employees. Plaintiffs refer to the paystub as a "standard form paystub" which does not include "an indication by check mark, statement or other method that the hours reflected on the paystub were in fact actually worked by the employee." [Doc. #126, Ex. C].

State Farm has filed a motion for partial judgment on the pleadings alleging that Plaintiffs have filed an improper cause of action under the FLSA for recordkeeping violations. State Farm has also filed a motion for partial summary judgment on the issue of whether its policies and procedures violate the recordkeeping provisions under the FLSA.

## II. Discussion

### A. Motion for Partial Judgment on the Pleadings

State Farm argues that its motion for partial judgment on the pleadings should be granted because Plaintiffs lack a private right of action to sue for alleged recordkeeping violations under the FLSA, and thus lack standing.

Both parties agree at present that there is no private cause of action under the FLSA for recordkeeping violations by employers. [Doc.#126 at 7]. However, they dispute whether Plaintiffs alleged a cause of action for the recordkeeping violations in their complaint. State Farm points specifically to language in Paragraph 33 of Plaintiffs' Second Amended Complaint in which Plaintiffs "seek relief on a collective basis challenging, among other

3

FLSA violations, State Farm's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked." [Doc.# 106 at 9]. To the extent that Plaintiffs allege in their complaint a separate cause of action under the FLSA for recordkeeping violations, this claim is dismissed. However, any dismissal of such cause of action does not preclude the Plaintiffs from presenting evidence at trial of whether State Farm violated the FLSA through failure to maintain a proper recordkeeping system. Evidence of an unlawful recordkeeping system supports Plaintiffs' allegation that State Farm's records were inaccurate, which is directly relevant to Plaintiffs' claim at issue in this case, namely that State Farm failed to pay Plaintiffs all the wages due to them. As the Court stated in an earlier order in this case, an employer's violations of FLSA's recordkeeping requirements also serve as corroboration of the employer's willfulness in failing to compensate for overtime. [Doc.#102 at 8]. *See also Elwell v.Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002).

### B. Motion for Summary Judgment

State Farm also argues that partial summary judgment should be granted in its favor with respect to whether State Farm's "exception time" reporting policies and procedures "systemically violate" the FLSA's recordkeeping requirements. [Doc. #120 at 1].

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment concerning a "part of each claim or defense" is allowed. Fed. R. Civ. P. 56(a).

4

The moving party "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portion of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the non-moving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a district court must look at the record and any inferences to be drawn from it in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not proper if the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. *Id*. At 248.

State Farm's allegedly unlawful recordkeeping policy is not an element of Plaintiffs' claim of unpaid wages, it is merely evidence that might or might not support that claim. Indeed, neither party has the burden to prove the legal status of defendant-employer's record-keeping system. Because the function of Rule 56, even as amended, is to challenge claims and defenses, it is not appropriate to use it to effectively determine how evidence will be treated at trial.

However, even if the Court were to find that State Farm's motion properly addressed a part of Plaintiffs' claim under 56(a), the motion for summary judgment still would fail for the reasons outlined below.

5

State Farm argues first that its recordkeeping policies comply with 29 C.F.R. §516.2(a)(7). This regulation requires employers to record the "[h]ours worked each workday and total hours worked each workweek" for overtime eligible employees. State Farm points to two of its policies, specifically its Work Hours and Time Worked Policy and its Timecard Completion Policy, as evidence that it has systematically recorded the number of hours worked by each employee. [Doc. #121 at 3]. In the alternative, however, State Farm argues that its recordkeeping policies comply with 29 C.F.R. §516.2(c)(1), which provides an alternate system of recording the hours of employees with fixed schedules. [Doc. #121 at 10].

The Court finds that State Farm's recordkeeping policies fail under 29 C.F.R. §516(a)(7) as a matter of law. The plain language of section 516.2(c)(1) makes it clear that the alternative recordkeeping system outlined within that section is an exception to section 516(a)(7). Section 516.2(c)(1) states that records of the hours that an employee "normally works" can be used "*instead of* the hours worked each day and each workweek as required by paragraph (a)(7) of this section." (emphasis added). Section 516.2(c)(1) would be stripped of its purpose and rendered duplicative if section 516(a)(7) applied to exception based systems such as the one created by State Farm.

Even if the Court did find that an exception-based policy could be covered under section 516(a)(7), there is a genuine issue of material fact as to whether the meaning of "exceptions" in State Farm's timecard policy actually covers all the hours for which employees are entitled to be paid under FLSA. Plaintiffs allege that it is "State Farm's practice to not enter exceptions for time spent working before [] employees' shifts, over

6

unpaid lunch breaks, or after the conclusion of the shift." [Doc. 106 at ¶¶18 and 12]. Construing all inferences in favor of the Plaintiffs, the Court finds a genuine issue of fact as to whether State Farm's Timecard Completion Policy was intended to include all work within any or all of these specific time periods as "exceptions" under the Policy.

Even if it is deemed not to comply with 29 C.F.R. §516(a)(7), State Farm argues that its recordkeeping system complies with the alternative system outlined in 29 C.F.R. §516.2(c)(1). However, there are several genuine disputes of material fact with respect to whether State Farm's policies and procedures comply with this provision.

To determine what is required by section 516.2(c)(1), the Court first looks to the text of the regulation itself. Assuming that an employee is on a "fixed schedule," the provision contains three distinct requirements for employers choosing this option. The first requirement is that an employer maintain records showing the "schedule of daily and weekly hours the employee normally works." The additional two requirements, linked to the first by the word "[a]lso" state 1) that a "check mark, statement or other method" indicate that "such hours were actually worked by him" and 2) that the "exact number of hours worked each day and each week" be shown for the weeks in which "more or less than the scheduled hours are worked." 29 C.F.R. §516.2(c)(1). Thus, the text requires verification through some affirmative act that the scheduled hours were in fact worked, or if there is actual deviation from this schedule, requires a listing of all hours actually worked.

State Farm argues that the hours reflected on the pay stub constitute an acceptable "other method" to indicate that the standard hours were worked by the employee. However, there is a basic dispute of fact in this case over whether the paystub represents the actual

7

hours worked or is simply a boilerplate listing of the hours that the company expects employees to work. Plaintiffs refer to the paystub as a "standard form paystub" which does not include "an indication by check mark, statement or other method that the hours reflected on the paystub were in fact actually worked by the employee." [Doc. #126, Ex. C]. To support their argument, Plaintiffs point to deposition testimony by State Farm's human resources officer to argue that "neither State Farm nor the employee takes any affirmative action to indicate that the standard schedule of hours was worked," except in weeks where an exception is reported. [Doc. # 126 at 15]. The text of section 516.2(c)(1) clearly requires some affirmative signal that the standard hours were worked. If the paystub is, as Plaintiff alleges, simply a reporting of the schedule of hours normally worked in any given week, it does not constitute such a signal. State Farm would still be required to indicate by checkmark or some other method, either that those hours were worked, or that the actual hours were recorded some other way proper under FLSA.

If State Farm is arguing that the mere existence of a paystub proves affirmatively that the standard number of hours were worked, the Court rejects that argument. If employers were allowed to point solely to a paystub as proof that employees were paid for the number of hours worked, without any further proof that these hours were actually worked, then the protections provided by the recordkeeping requirements of section 516.2(c)(1) would largely be negated. State Farm's reference to the DOL Handbook is unpersuasive, as the Handbook can reasonably be read to require the payroll records to "indicate for each worker...that such scheduled hours were, in fact, adhered to." [Doc. 121, Ex. G]. Because there is an important

8

disagreement over whether the payroll records are intended to represent the hours actually worked, a genuine issue of material fact exists under section 516.2(c)(1), and summary judgment is denied.

State Farm also points to its timecard policy as evidence that any deviations by employees from the normal schedule of hours were recorded, and thus, compensated. However, as discussed above, there is a genuine issue of material fact as to whether State Farm's policy only considered certain types of overtime hours to constitute exceptions, and thus failed to include certain types of paid work occurring, for example, during lunch breaks or before the official start of an employee's shift.

Though State Farm would like the Court to address the meaning of "fixed schedule," within the regulation, the Court finds State Farm's legal argument unconvincing. The fact that the DOL has not "unequivocally required" employers to record start and stop times does not mean that start and stop times can vary while still constituting a fixed schedule. Though it is not necessary to address this matter for the purposes of this Motion, the Court reserves the right to rule on this issue at a later date.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant State Farm's Motion for Partial Judgment on the Pleadings [Doc. # 120] is GRANTED and its Motion for Partial Summary Judgment [Doc. # 120] is DENIED.

      s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 7, 2011
Jefferson City, Missouri