IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LISA NOBLES and JASON ATCHISON, individually, and on behalf of a class of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:10-CV-04175-NKL |

**ORDER**

Before the Court is Defendant State Farm's Motion for Partial Reconsideration of the Court's August 25, 2011 Order certifying two Missouri class actions and conditionally certifying a nationwide collective action under FLSA. [Doc. # 134]. For the following reasons, the Court denies in part and grants in part State Farm's Motion.

**I. Background**

State Farm seeks reconsideration on three issues addressed by the Court's August 25th Order: 1) the correct statute of limitations for the Missouri class certified by the Court for the Plaintiffs' unjust enrichment claim; 2) the data which State Farm has been ordered to produce regarding the putative plaintiffs, as well as the manner of its production; and 3) the approval of the proposed notices for the class and collective actions. [Doc. # 135 at 1].

**II. Discussion**

The first issue is whether Defendant has waived its arguments for reconsideration since it failed to address them in response to Plaintiff's Motion for Class Certification. The Court does not authorize piecemeal litigation, nor do the Federal Rules of Civil Procedure. Nor can a litigant avoid its obligation to respond to a pending motion by telling the Court that it will not address the question until the Court first resolves some other issues in the litigation. State Farm had an obligation to provide all the reasons it had to oppose class certification and the proposed class notice in its 30-page initial briefing on the matter. It did not. In those 30 pages, State Farm's treatment of the statute of limitations issue was limited to a single sentence and a case citation in the final footnote of the brief. Its treatment of the proposed notice was limited to citing "multiple deficiencies" without listing most of the concrete allegations it now seeks to present to the Court. It has no right to now expand on its argument once the Court has already ruled the issue.

Under no circumstances is the page limitation cited by State Farm an excuse for continuing a debate over issues which could have been raised and fully developed in response to a pending motion. First, motions to extend page limits are ubiquitous in litigation practice. Second, even if such a motion is not granted, parties have an obligation to focus their responses to meet the page limits while simultaneously addressing the issues they want the Court to consider. While the Court in *Garrett v. Albright* did acknowledge the inherent authority of a district court to reconsider interlocutory orders, such reconsideration is only justified where there has been a change in the law or the discovery of new evidence. There is no such change here.

Although State Farm failed to adequately address its concerns in it original response, the Court will consider the merits of Defendant's Motion for Reconsideration on this one occasion.

### A. Statute of Limitations

State Farm argues that the statute of limitations for Plaintiffs' unjust enrichment claim is only two years rather than five, making improper the Court's certification of an unjust enrichment class dating back to 2005.

Revised Missouri Statute § 516.120 provides a five year statute of limitations for "contracts, obligations, or liabilities...except where a different time is herein limited." State Farm argues that this statute is not applicable to Plaintiff's unjust enrichment claim because the gravamen of Plaintiffs' claim is for minimum wage or overtime, not breach of contract. Thus, State Farm argues for the application of Revised Missouri Statute § 516.140 which has a two year statute of limitations for minimum wage claims. *See Wages v. Young*, 261 S.W.3d 711, 715 (Mo. Ct. App. 2008) (stating that the "gravamen of a complaint, or a fair reading of the complaint in its totality, should determine what type of cause of action is alleged and then the applicable statute of limitations should be applied.") (citations omitted). In *Wages*, the court ruled that a plaintiff re-filing a tort suit based on fraud, after his previous breach of contract claim had been dismissed because of an expired limitations period, was still barred by the shorter limitations period applying to breach of contract. The court agreed with the lower court that the cause of action was still breach of contract rather than fraud because the plaintiff's tort claim was simply an attempt to recast the lawsuit to avoid the statute of

3

Case 2:10-cv-04175-NKL   Document 150   Filed 11/15/11   Page 3 of 7

limitations and the allegations of fraud were in fact a restatement of the original contract claim. *Wages*, 261 S.W.3d at 716.

However, the ruling in *Wages* cannot be read to support Defendant's argument. The gravamen of Plaintiff's unjust enrichment claim is a contract claim for "straight time" (non-overtime) wages,[1] to be paid by the employer at a rate agreed upon by employer and employee. Plaintiffs' claim under Missouri's Minimum Wage Law, meanwhile, focuses on failure to pay overtime compensation and seeks liquidated damages. [Doc. # 106 at 13]. An unjust enrichment claim concerning non-overtime wages does not constitute an attempt to recharacterize an existing minimum wage claim but instead represents a clearly independent claim aimed at redressing a different grievance. As the unjust enrichment claim is not a claim falling under Missouri minimum wage or overtime law, but instead has its basis in general contract law, the Court finds that the five year statute of limitations of § 516.120 applies. It remains to be seen whether Plaintiffs can succeed on this claim, but the merits are not controlling at the class certification stage.

**B.     Data Ordered about Potential Plaintiffs**

*1.     SSN, Telephone Numbers and Email Addresses*

State Farm argues that the data it has been ordered to produce in the collective FLSA action is unnecessarily broad for the purpose of providing notice; invades privacy interests;

---

[1] In support of this claim, Plaintiffs point to language in their proposed notice in which Plaintiffs state that they are seeking "straight time" (non-overtime) damages. [Doc. # 72, Ex. Q at ¶ 5].

and potentially leads to inappropriate communications by Plaintiffs' counsel. The disputed data includes the last four social security number digits, email addresses and home telephone numbers of putative plaintiffs, as well as email addresses. Plaintiffs have given legitimate reasons for requesting this information, all of which are tailored to increasing accessibility to potential members of the collective action. For example, Plaintiffs point out that they need the social security digits for the uploading of online consent forms, and that the social security and telephone numbers will be useful for locating addresses for putative plaintiffs who have moved. Email notice is also being used simply as a supplement to notice by first-class mail. Further, there is no evidence that Plaintiffs have used or will use any of this information for improper purposes, and a protective order has been issued to protect the confidentiality of putative class members. For the above reasons, the Court denies State Farm's motion regarding the data requested and finds email notice as requested by Plaintiffs to be a useful means of reaching putative class members.

### 2. *Third Party Administrator*

State Farm argues that the Court should require State Farm to produce its data only to an agreed-upon Third Party Administrator ["TPA"] for the purpose of distributing notice, with State Farm bearing the costs of the TPA's services. Plaintiffs argue that though they are using a TPA to send first class notice, they are still evaluating how they will distribute email notice and handle consent processing, and that they need to be able to retain control of the process to avoid administrative problems that would otherwise result.

The Court denies State Farm's request to use a TPA. State Farm makes no specific allegations of improper conduct on the part of Plaintiffs in managing privacy and logistic concerns, and excluding the Plaintiffs from any role in the administration of notice would likely promote delays without a concrete, corresponding benefit.

### 3. *Notice in the Break Rooms*

State Farm argues the Court erred in requiring State Farm to post the notice in its break rooms, claiming that a mailing is sufficiently reliable and that posting notice is inherently prejudicial and promotes confusion. Plaintiffs respond that the notices clearly state which employees the lawsuit covers, thus creating no risk of confusion. As State Farm has not pointed to any concrete reason why this posting would be prejudicial to its case, the Court will allow the approved notice to be posted.

## C.     Deficiency of Proposed Notice

State Farm claims Plaintiffs' proposed notices are deficient in many respects and thus requests that the parties should be compelled to meet and confer regarding the content of the notices. Among the areas contested by State Farm are the 1) Court's name on the heading of the first page, 2) the lack of a mention that putative plaintiffs have a right to select their own counsel, 3) failure to apprise putative plaintiffs of their discovery and other obligations, 4) the presence of a link to a website and phone number to receive more information, and 5) a failure to state early in the notice that the merits of the action haven't been decided.

The Court has reviewed the plaintiff's proposed notices and orders the Plaintiffs to modify the notice to include the full case caption, including the names of the parties and the

6

case number, as well as a heading underneath the caption clearly stating that the document is a notice of a lawsuit by the Plaintiffs representing the class. The Court also orders Plaintiffs' proposed notices to state on the first page that the Court has taken no position in the case regarding the merits of the parties' claims or defenses. As guidance in making these changes, the Court points Plaintiffs to a class notice previously approved by the Court in an FLSA case, which is attached to this Order. The Court denies all other requests by State Farm regarding Plaintiffs' notices.

As modified above, the Court approves the notices submitted by Plaintiffs. The Court's ruling on this matter is final.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant State Farm's Motion for Partial Reconsideration [Doc. # 134] is DENIED in part and GRANTED in part, consistent with this opinion.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: November 14, 2011  
Jefferson City, Missouri