IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| **LISA NOBLES** AND **JASON ATCHISON**, INDIVIDUALLY, AND ON BEHALF OF A CLASS OF OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**<br><br>Defendant. | Case No. 10-04175-CV-C-NKL |

**DEFENDANT'S SUGGESTIONS IN OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

At this late date, adding 28 new and distinct causes of action under 19 separate states' laws will (i) unnecessarily delay these proceedings, which have been pending since August 2010, and (ii) prejudice Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Indeed, seeking leave to file a Third Amended Complaint significantly multiplying these proceedings *more than 20 months after suit was filed* runs afoul of Federal Rules of Civil Procedure, Rule 1, which provides that all other rules, including Rule 15, "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." For these reasons, State Farm respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend.

**I. Procedural Background**

On August 9, 2010, for herself and other "Call Center Employees," Lisa Nobles filed a Complaint seeking, in three counts, purportedly unpaid wages. Doc. 1. One count alleged a putative collective action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq*. *Id*. Two counts alleged class action claims under Missouri law. *Id*.

Less than two months after suit was filed, the parties submitted their Joint Proposed Scheduling Order and Discovery Plan. Doc. 18. In their joint proposal, the parties suggested widely divergent views regarding class and collective action certification briefing. *Id.* at 5-7. More specifically, State Farm urged the Court to adopt a briefing schedule requiring the Plaintiffs to simultaneously move for class action and conditional collective action certification. *Id.* Lisa Nobles opposed State Farm's proposal and asked that she be permitted to postpone class certification briefing until after the close of any collective action opt-in period because "Plaintiff will only be able to identify these states once the class is conditionally certified as a collective action and all opt-in Plaintiffs have been identified." *Id. See also* Doc. 143 ("And these claims could not have been brought until after certification of the FLSA collective action and the identification of plaintiffs who suffered injuries under these laws.")

On October 15, 2010, the Court entered an initial cursory scheduling order setting three deadlines, including: (i) joinder of additional parties, (ii) amending the pleadings, and (iii) *simultaneously* briefing class and conditional collective action certification. Doc. 23. Importantly, *the Court rejected the notion that Lisa Nobles was allowed to wait until the close of any collective action opt-in period before moving for class certification*.

On November 29, 2010, Lisa Nobles requested leave to amend her Complaint to (i) add Jason Atchison as a plaintiff, and (ii) add a class action count under Oklahoma law. Doc. 45. Plaintiff also purportedly sought to clarify the scope of this case by broadening its specter beyond "Call Center Employees," to include employees who record exceptions to the number of hours they work each week. *Id.* at ¶ 5.

On December 15, 2010, the Court granted Lisa Nobles leave to amend her Complaint. Doc. 54. The next day, the Court amended its initial scheduling order. Doc. 55. In its more expansive amended scheduling order, the Court created a number of deadlines, including: (i) joinder of

2

additional parties, (ii) amending the pleadings, and (iii) *simultaneously* briefing class and conditional collective action certification. *Id. Once again, the Court rejected the notion that the Plaintiffs should be permitted to move for class certification after any court-ordered collective action opt-in period expired.*

On February 8, 2011, the Plaintiffs contemporaneously moved for conditional collective action under the FLSA and class action certification under Missouri and Oklahoma law. Docs. 72 and 73. While the certification motion was pending, the parties jointly moved to suspend all deadlines in this action. Doc. 93. The next day, the Court stayed the time limits in its Amended Scheduling Order and required the parties to submit a new, proposed scheduling order within 21 days of the Court's ruling regarding the Plaintiffs' certification motion. Doc. 94.

On May 18, 2011, the Plaintiffs filed a Second Amended Complaint adding allegations that State Farm and State Farm Fire and Casualty Company are "joint employers." Doc. 106. Although none of the Plaintiffs were employed by State Farm Fire and Casualty Company when the Plaintiffs filed their Second Amended Complaint, and over State Farm's objections regarding the Plaintiffs' lack of standing to pursue claims on behalf of State Farm Fire and Casualty Company, the Court directed the Plaintiffs to file a motion to designate a representative plaintiff from State Farm Fire and Casualty Company before the close of discovery on the merits.[1] Doc. 128 at 21-22.

On August 25, 2011, the Court granted the Plaintiffs' motion requesting class and conditional collective action certification. *Id.* The Plaintiffs were authorized to send notice to nearly 25,000 putative FLSA collective action plaintiffs. *Id.* And a separate notice regarding the Oklahoma and Missouri state law claims went to slightly more than 3,100 of those same individuals. *Id.* Importantly, only 817 of nearly 25,000 putative plaintiffs filed consents to join this action, meaning

---

[1] State Farm still opposes State Farm Fire and Casualty Company's inclusion as a supposed "joint employer" under the FLSA. However, State Farm recognizes that including State Farm Fire and Casualty as a defendant is merely a formality given the Court's prior order.

3

only 3% of all putative plaintiffs who received the FLSA notice felt it necessary to pursue their supposed unpaid wages claims.

Twenty-one days after the certification order, as required by the Court, the parties submitted their joint report regarding a second amended scheduling order. Doc. 143. In the parties' September 15, 2011 report, the Plaintiffs recounted "the Court commenting to the parties that the next scheduling order needed to start advancing the merits of the case; the Court further commented, based on Plaintiffs recollection, that the case was aging rapidly." *Id.* at 3. Consequently, the Plaintiffs proposed

> any motion for Rule 23 certification of additional state law classes be filed *no later than the close of the opt-in period* (*i.e.,* 90 days from the date 29 U.S.C. § 216(b) notice is mailed). Plaintiffs do not expect to request any amendments that would require a change in the deadlines proposed herein, as any state law claims Plaintiffs add would be similar to the FLSA, Missouri and Oklahoma claims currently pled.

*Id.* at 4 (emphasis in original). In the same report, State Farm expressed its opposition to any additional requests for class action certification. *Id.*

On January 24, 2012, the Court entered a Second Amended Scheduling Order. Doc. 213. In the Second Amended Scheduling Order, *and for a third time, the Court did not adopt the Plaintiffs' proposal regarding a motion for class certification under additional state laws. Id.* In fact, presumably rejecting the prospect of future class certification motions, the Second Amended Scheduling Order is silent regarding deadlines for class certification briefing under additional states' laws. *Id.* Nevertheless, the Plaintiffs moved for leave to file their Third Amended Complaint, conceding the underlying purpose of the amendment is to seek class certification regarding the 28 new counts under 19 state laws. Doc. 263 at 6 ("Admittedly, the proposed amendment will require a further class certification order.")

4

**II. Arguments and Authorities**

Although Rule 15(a) states that leave to amend shall be freely given when justice so requires, a district court may appropriately deny leave to amend "where there are compelling reasons 'such as *undue delay*, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, *undue prejudice to the non-moving party*, or futility of the amendment.'" *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (quoting *Becker v. Univ. of Nebraska*, 191 F.3d 904, 907-08 (8th Cir. 1999), emphasis added).

Contrary to the Plaintiffs' assertion, when a party moves for leave to amend within the time period allowed by a scheduling order, that party is not presumptively entitled to amend. *See* Doc. 263 at 3. Importantly, the Eighth Circuit recognizes, "the date on the scheduling order does not confine the district court's consideration of the merits of [a motion to amend] and does not preclude it from finding that an amendment would result in prejudice." *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1066 (8th Cir. 2005).

### A. Plaintiffs' Proposed Amendment Would Unduly Prejudice State Farm

A proposed amended pleading requiring additional discovery may cause an opposing party undue prejudice. *See Moses.com*, 406 F.3d at 1066 (affirming a district court's denial of leave to amend where adding new claims and parties "would certainly impose additional discovery requirements." (internal quotations omitted)); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) ("[W]hen late tendered amendments involve new theories of recovery and impose additional discovery requirements, [appellate] courts are less likely to find an abuse of discretion due to the prejudice involved."). *See also Cureton v. NCAA*, 252 F.3d 267, 273 (3d. Cir. 2005) (stating that prejudice may exist when an amendment "would result in additional discovery, cost and preparation to defend against new facts or new theories."). In the case at bar, State Farm would certainly suffer undue prejudice if the Plaintiffs are granted leave to file their Third Amended Complaint.

5

The Plaintiffs disingenuously claim their proposed Third Amended Complaint simply "clean[s] up a few factual allegations" and asserts state law claims that "mirror" the claims they have already made. Doc. 263 at 4, n. 2. Instead, the Third Amended Complaint asserts 28 new causes of action under 19 separate, and distinct, states' law and alleges numerous additional facts. A side by side review of (i) the Plaintiffs' Second Amended Complaint, which includes four counts under two states' laws, and (ii) the Plaintiffs' Proposed Third Amended Complaint, which includes 32 counts under 21 states' laws, aptly demonstrates the dramatic differences the Plaintiffs propose. *See* Exhibit A, *comparing* the Plaintiffs' Second Amended Complaint *with* the Plaintiffs' Third Amended Complaint.

Equally deceiving is the Plaintiffs' assertion that their "proposed claims do not change the scope of the litigation." Presently, this case includes slightly more than 3,100 plaintiffs, only 817 of whom affirmatively chose to join this action. By seeking to add 28 counts under 19 states' laws, and subsequently moving for class certification regarding all 28 counts, the Plaintiffs are really seeking to expand the scope of this action roughly seven-fold – *i.e.*, they are trying to include more than 21,000 plaintiffs within this purview of this case. Unquestionably, making this case seven times larger than it already is will have a dramatic impact on the manner in which it is litigated.

It is not merely the quantity of additional claims and plaintiffs that creates prejudice. The Plaintiffs' proposed Third Amended Complaint also interjects new legal theories *and* defenses. Even Plaintiffs admit some of the claims they seek to add differ in nature from those they previously filed. Doc. 263 at 5. Yet they ignore that their 28 proposed additional counts under 19 states' laws implicate a host of additional, and factually different, defenses. The following examples highlight varied and unique defenses:

- In order to be awarded attorneys' fees under the Illinois Act, *see* Doc. 263-1 at ¶ 120, each plaintiff must have made a written demand for wages at least three days before the action was brought. *See* 705 Ill. Comp. Stat. 225/1.

6

- Various states employ dissimilar elements for the Plaintiffs' unjust enrichment and *quantum meruit* theories. *Compare Scantland v. Jeffry Knight, Inc.,* 2010 WL 4117683, at *6 (M.D. Fla. Sept. 29, 2010) (*quantum meruit* requires a showing that: 1) Plaintiffs conferred a benefit on Defendants; 2) Defendants had knowledge of the benefit; 3) Defendants accepted or retained the benefit conferred; and 4) circumstances are such that it would be inequitable for Defendants to retain the benefit without paying fair value for it.) *with Atlantic National Trust, LLC v. McNamee*, 984 So.2d 375, 381 (Ala.2007) ("To prevail on a claim of unjust enrichment, the plaintiff must show that the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendants because of mistake or fraud").

- Some states recognize good faith as a valid defense to claims for certain damages. *See e.g.*, Ariz. Rev. Stat. §23-352(3); Md. LABOR AND EMPLOYMENT Code Ann. § 3-507.1(b).

- The Plaintiffs may lack standing to pursue civil money penalties under Arizona, Georgia, Minnesota and New York law.

- The Plaintiffs' state wage and hour claims may be preempted by the FLSA. *See e.g.*, *Saavedra v. Richard,* 2011 WL 864972, at *5 (S.D.Tex. Mar. 3, 2011).

State Farm will definitely be prejudiced by the sheer volume of evidence to be marshaled in defense of this action, through discovery, and at trial. The dramatic increase in the proposed scope of this action – both the number of new plaintiffs and the temporal scope – *i.e.*, up to six years in several states – will require the production and analysis of records for more than 21,000 plaintiffs over an extended period of time.[2] Moreover, the number of potential witnesses regarding the Plaintiffs' claims and State Farm's defenses will become exponentially greater.

State Farm will also be prejudiced by the Plaintiffs' planned procedural end-around the Court's prior scheduling orders. More specifically, the Court's Second Amended Scheduling Order – *i.e.*, the current order governing this action – did not contemplate another round of briefing regarding class certification, whereas prior scheduling orders clearly addressed class action briefing. *Compare* Doc. 213 *with* Docs. 23 and 55. Indeed, the Court impliedly rejected, *for a third time*, the Plaintiffs' proposal for an additional round of class certification briefing. Doc. 143 at 3. Likewise,

---

[2] *See* n. 3 regarding the expected increase in the number of putative plaintiffs.

the Court has repeatedly rejected the notion that the Plaintiffs should be permitted to postpone class action briefing until after the collective action certification briefing. Docs. 213 and 55. The Plaintiffs' persistent attempts to shirk the prohibition against belated class certification briefing has now manifested in their request for leave to file a Third Amended Complaint. Granting the Plaintiffs belated leave to sizably expand the scope of action will indisputably prejudice State Farm.

Finally, State Farm is prejudiced by the Plaintiffs' misuse of their collective action claim. The Plaintiffs unabashedly admit they urged delay in class certification decisions so they could use the lenient threshold for conditionally certifying a collective action to source representative plaintiffs for additional class action claims. Docs. 18 and 143. In other words, the Plaintiffs should be precluded from using the Court's order authorizing notice to putative opt-in plaintiffs under the FLSA "'as a potent weapon, of great coercive power and subject to gross potential abuse including the stirring up of unwarranted litigation and efforts designed purely for client solicitation.'" *Id.* at 3 (quoting *Vallone v. Delpark Equities, Inc.*, 407 N.Y.S.2d 121, 164 (N.Y. Sup. 1978)). This is particularly true in the case at bar because only 3% of the putative FLSA plaintiffs have expressed an interest in pursuing claims that supposedly mirror the state law causes of action at issue in the Plaintiffs' proposed Third Amended Complaint.

### B. A Belated Third Amended Complaint Will Result in Significant Delay

At this late juncture, filing a Third Amended Complaint that includes new legal theories and defenses will inarguably preclude the speedy disposition of this matter. *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 124-25 (W.D. Penn. 2010) ("While Rule 15 has generally been interpreted liberally, the Court must also construe and administer all of the Federal Rules of Civil Procedure in order 'to secure the just, speedy and inexpensive determination of every action and proceeding.'" (quoting Rule 1)). *Accord Skinner v. Dormire*, No. 05-4376-CV-C-NKL, 2008 WL 748332, *4 (W.D.

Mo. Mar. 18, 2008) (denying leave to amend when new theories of recovery were alleged and case had been pending for 17 months).

Even the Plaintiffs acknowledge this action is in its advanced stages. Doc. 143 at 3. (recalling "the Court commenting to the parties that the next scheduling order needed to start advancing the merits of the case; the Court further commented, based on Plaintiffs recollection, that the case was aging rapidly"). Yet they now seek to further delay these proceedings by adding (i) another round of class action briefing and (ii) likely appeals by the unsuccessful litigants under Fed.R.Civ.P. 23(f). If the additional 28 causes of action are certified, there will be (i) yet another notice period, (ii) more time for discovery, and (iii) additional dispositive motions. Indeed, the increased delays caused by belated class certification briefing and the cascading effect on other deadlines will undoubtedly carry this action into 2014, and perhaps beyond.[3]

Under Rule 1, State Farm is entitled to an expedient disposition of this action which has been pending since August 9, 2010. The Plaintiffs' late addition of some 28 new counts under 19 states' laws unreasonably denies State Farm that right.[4]

## III. Conclusion

Plaintiffs' Third Amended Complaint represents a Pandora's Box of class action claims that will only serve to prejudice State Farm and create further delay in a case that has been pending for more than 20 months and is currently scheduled to be tried in May 2013. For these reasons, State Farm respectfully requests that the Court deny Plaintiffs' Motion for Leave to Amend.

---

[3] The Court has scheduled this matter for trial beginning May 6, 2013. The additional delays caused by the Plaintiffs' belated claims will clearly extend this action by much more than seven months.

[4] Rule. 1 also governs Rule 23(C)(1)(A), which requires motions for class certification to be filed "[a]t an early practicable time … after a person …is sued[.]" The Plaintiffs' belated attempt to add dozens of class action claims more than 20 months into these proceedings violates both Rule 1 and Rule 23(C)(1)(A).

9

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

s/ Patrick F. Hulla
Patrick F. Hulla, #41745
Chris R. Pace, #47344
Sara B. Anthony, #59040
Justin M. Dean, #48647
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO  64112
(816) 471-1301
(816) 471-1303  *(Facsimile)*
patrick.hulla@ogletreedeakins.com
chris.pace@ogletreedeakins.com
sara.anthony@ogletreedeakins.com
justin.dean@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 27th day of April, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| George A. Hanson | Bradford B. Lear |
| Bradley T. Wilders | Todd C. Werts |
| Norman E. Siegel | Sander C. Sowers |
| STUEVE SIEGEL HANSON LLP | LEAR WERTS LLP |
| 460 Nichols Road, Suite 200 | 2003 W. Broadway, Suite 107 |
| Kansas City, MO  64112 | Columbia, MO  65203 |
| hanson@stuevesiegel.com | lear@learwerts.com |
| wilders@stuevesiegel.com | werts@learwerts.com |
| siegel@stuevesiegel.com | sowers@learwerts.com |

**ATTORNEYS FOR PLAINTIFF**

s/Patrick F. Hulla
**ATTORNEY FOR DEFENDANT**

12233679.1 (OGLETREE)