IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LISA NOBLES and JASON ATCHISON, individually, and on behalf of a class of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 10-04175-CV-C-NKL |

**ORDER**

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, Strike State Law Class Claims [Doc. # 290]. For the following reasons, the Motion is DENIED.

**I.     Background**

Plaintiffs Lisa Nobles and Jason Atchison, individually and on behalf of all others similarly situated, allege that Defendant State Farm's failure to pay employees their earned and overtime wages violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"). In their Third Amended Complaint [Doc. # 282 ], Plaintiffs allege additional claims under state statutory wage and hour law as well as state common law, for a total of 32 state law claims covering 21 states. Defendants bring this Motion to Dismiss the state law class claims pursuant to Federal Rule 12(b)(6), on the ground that

1

the complaint on its face demonstrates that the requirements of Federal Rule 23 governing class actions cannot be met.

## II. Discussion

### A. Standard of Review

Defendants seek to dismiss Plaintiffs' state law Rule 23 claims or, in the alternative, to strike the Rule 23 class allegations for the state law claims. When considering a motion to dismiss, the Court accepts all facts plead by the nonmoving party as true and makes all reasonable inferences from the pleadings in the light most favorable to the plaintiff. *See Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Under the Federal Rules, the pleadings must present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleadings are not required to present "detailed factual allegations," but must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)) (internal citations omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

### B. Dismissal of Rule 23 Class Allegations at the Pleading Stage

The issue at hand is whether it is proper for the Court to dismiss or strike state law Rule 23 claims at the pleading stage.

The Federal Rules governing class actions state, "When a person sues or is sued as a representative of a class, the court must—at an early practicable time—determine by order whether to certify the action as a class action." Fed. R. Civ. P. Rule 23(c)(1)(A). It is the Court's duty to exercise "the vital management role" in class actions in order "to assure that they are both meaningful and manageable." *Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976) (quoting *Huff v. N. D. Cass Co. of Ala.*, 485 F.2d 710, 713 (5th Cir. 1973). "The justification for an early determination of class certification is the prevention of a waste of the parties' resources and judicial resources to conduct discovery on class certification." *Boyce v. Wachovia Sec.*, 2010 WL 1253744, at *7 (E.D.N.C. Feb. 17, 2010), *report and recommendation adopted*, 2010 WL 1253737 (E.D.N.C. Mar. 29, 2010) (internal quotes omitted). In light of this role, the Court must consider the manageability of a potential class, usually via the Plaintiffs' motion for class certification. *See Paxton v. Union Nat'l Bank*, 688 F.2d 552, 558 (8th Cir. 1982) ("The discovery undertaken by the parties and the evidence adduced during the early stages of the certification hearing should have provided the court with sufficient information to resolve the question of whether a class action was an appropriate vehicle for plaintiffs' claims.). "In making its determination, the district court must undertake a rigorous analysis" of any relevant facts. *Avritt v. Reliastar Life Ins. Co.,* 615 F.3d 1023, 1029 (8th Cir. 2010) (internal quotes omitted); *see also In re Zurn Pex Plumbing Products Liab. Litig.,* 644 F.3d 604, 611 (8th Cir. 2011).

Although unusual, a defendant may bring a motion to dismiss the class allegations prior to discovery or certification proceedings "where the complaint itself demonstrates

3

that the requirements for maintaining a class action cannot be met." *Doyel v. McDonald's Corp.*, 2009 WL 350627, at *5 (E.D. Mo. Feb. 10, 2009). [1] In the event that "the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites," dismissal is appropriate unless plaintiffs demonstrate that discovery is "likely to produce persuasive information substantiating the class action allegations." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

However, as it is "seldom, if ever, possible to resolve class representation questions from the pleadings" alone, striking or dismissing class action allegations prior to discovery and class certification proceedings is generally disfavored. *Int'l Woodworkers of Am., AFL-CIO, CLC v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981); *see also Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977) ("The propriety of class action status can seldom be determined on the basis of

---

[1] The parties differ on whether defendant must satisfy this burden by proving that class certification would be "impossible" [Doc. #299, p.4] or merely "implausible" [Doc. #302, p.2]. *See, e.g.*, *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1495 (D.S.C. 1991) ("to prevail, the defendants have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove."). While the Eighth Circuit has not yet set the standard explicitly, the weight of authority indicates that courts should meet motions to dismiss class allegations at the 12(b)(6) stage with a great deal of skepticism. *See, e.g.*, *Ginardi v. Frontier Gas Services LLC*, 2011 WL 3493125, at *4 (E.D. Ark. Aug. 10, 2011) ("The propriety of class action status can seldom be determined on the basis of the pleadings alone."); *Elliott v. ITT Corp.,* 1992 WL 59102, at *4 (N.D. Ill. Mar. 16, 1992) ("Some degree of discovery may be necessary in order to make the necessary class determinations… Indeed, the predominant view is to allow discovery before the motion for certification."); *Whitfield v. Hochsheid*, 2002 WL 1560267, at *1 (S.D. Ohio July 2, 2002) ("Where the pleadings themselves do not conclusively show whether the requirements for class certification are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue.").

the pleadings alone…"); *Doyel v. McDonald's Corp.*, 2009 WL 350627 at *5 (E.D. Mo. Feb. 10, 2009) ("Striking plaintiffs' class action allegations prior to discovery and the class certification stage is a rare remedy…"); *Wang v. Hearst Corp.,* 2012 WL 2864524, at *2 (S.D.N.Y. July 12, 2012), *reconsideration denied,* 2012 WL 3642410 (S.D.N.Y. Aug. 24, 2012) ("Motions to strike are also usually denied where they raise arguments that would be considered on a motion for class certification."); *England v. Advance Stores Co. Inc*., 263 F.R.D. 423, 453 (W.D. Ky. 2009) ("the party who seeks class action status must come forward with basic facts sufficient to show that each requirement of the rule has been satisfied, a determination that ordinarily may not be predicated merely upon the facts alleged in the pleadings."); *Romano v. Motorola, Inc.,* 07-CIV-60517, 2007 WL 4199781, at *3 (S.D. Fla. Nov. 26, 2007) ("To dismiss Plaintiff's class allegation before discovery would be an acknowledgment by this court that class certification is impossible, an assertion this Court is not inclined to make."); *Boyce v. Wachovia Sec*., 2010 WL 1253744,  at *7 (E.D.N.C. Feb. 17, 2010), *report and recommendation adopted*, 2010 WL 1253737 (E.D.N.C. Mar. 29, 2010) ("the weight of authority leans heavily in favor of determining class certification after further evidentiary development through discovery.").

Under the more forgiving standards of Rule 12(b)(6), any doubt as to whether the class action requirements will be met must be construed in favor of the plaintiffs. *Walker*, 563 F.2d at 921.  Where the chance exists that Rule 23 elements may be satisfied with discovery, "the parties must be afforded the opportunity to discover and present documentary evidence on the issue." *Id*.; *see also Otto v. Variable Annuity Life Ins. Co.,*

98 F.R.D. 747 (N.D. Ill. 1983) (holding that where deciding defendant's motion to strike and dismiss and for summary judgment "would require us to go well beyond face of pleadings and into merits of plaintiff's claim," the court would hold defendant's motion in abeyance pending their determination of Plaintiff's motion for class certification.). The Ninth Circuit has held that, generally speaking, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable. And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977).

### C. Whether Dismissal of Plaintiffs' Rule 23 Claims is Appropriate Here

In order to dismiss or strike Plaintiffs' state law class action claims, the Court would have to find that, even accepting all of Plaintiffs' allegations as true, no additional evidence Plaintiffs could present via discovery and a class certification hearing would permit their proposed classes to be certified. This the Court cannot do. Defendant's concern as to whether the requirements of Rule 23 will be met by Plaintiffs' proposed classes is not unfounded; however, this is not the proper procedural posture in which to address that concern.

Defendant contends that the addition of 29 new Rule 23 class claims to Plaintiffs' Complaint, for a total of 32 claims under the statutory and common law of 19 states, makes Plaintiffs' class allegations inherently unmanageable. Defendant requests that the Court find as a matter of law that such a large class action spanning a range of state law

6

variations is not maintainable under Rule 23. In so arguing, Defendant relies heavily on *Barrus v. Dick's Sporting Goods, Inc.*, which dismissed the plaintiffs' class allegations under a 12(b)(6) motion. 732 F. Supp. 2d 243, 253 (W.D.N.Y. 2010). However, *Barrus* is distinguishable in part because the plaintiffs therein alleged that "one state's law could be applied to all the common law claims of all the potential class members." *Id*. In the instant case, Plaintiffs have alleged multiple classes with multiple causes of action – in fact, they have pled a separate class for each state law asserted and defined a separate representative for each such class. [Doc. # 282 pp. 16-64.] Plaintiffs have pled sufficient facts to justify the addition of the state law claims, as the Court found when it permitted Plaintiffs to amend their complaint for that purpose. At this stage of the proceedings, the Court cannot say with certitude that the existence of evidence in support of class certification is so unlikely that dismissal of the state law class allegations is justified. Whether these classes will meet the certification requirements of Rule 23 will be addressed when Plaintiffs move for class certification.

## III.  Conclusion

For the reasons stated above, Defendant's Motion to dismiss or strike Plaintiffs' Rule 23 class allegations for their state law [Doc. # 290] claims is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  September 17, 2012
Jefferson City, Missouri

7