# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| LISA NOBLES, JASON ATCHISON, and JOAN NICKERSON, *et al.* individually, and on behalf of a class or classes of others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendants. | Case No. 10-04175-CV-C-NKL |

**ORDER GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE**

This matter came on for hearing on the Motion for Final Approval of Class Settlement filed by Plaintiffs Marlene Linde and Ben Taylor, the class representatives for the certified Minnesota and Arizona recordkeeping classes, respectively (collectively, "Named Plaintiffs"), in the above captioned action (the "Action"), seeking final approval of the proposed Stipulation and Settlement of Class Action Claims, together with all of its Exhibits attached thereto (the "Settlement") and entry of final judgment as it relates to the proposed Individual Settlement Agreements of the remaining plaintiffs ("Individual Settlements"). In accordance with this Court's Preliminary Approval Order of the Settlement, Class Members have been given notice of the terms of the Settlement and the opportunity to request exclusion or object to it or any of its terms. Having received and considered the Settlement, the supporting papers filed by the Parties, and evidence and argument received by the Court in conjunction with the Motion for Preliminary Approval of the Class Settlement and the Motion for Final Approval of the Class Settlement, the Court grants final approval of the Settlement and HEREBY ORDERS, ADJUDGES, AND MAKES THE FOLLOWING DETERMINATIONS:

1. The definitions in the Settlement and all terms defined therein are hereby adopted and incorporated into this Final Approval Order.[1]

2. The Court approves the Settlement upon the terms, conditions, and all release language set forth in the Settlement attached as **Exhibit A to** the Motion for Preliminary Approval [Doc. 520-1]. The Court finds that the Settlement is within the range of reasonableness necessary for approval by the Court. The Court finds that the Settlement terms are fair, adequate, and reasonable when balanced against the probable outcome of further litigation, and the risks relating to liability and damages issues. The Court finds that extensive investigation and research has been conducted such that counsel for the Parties at this time are reasonably able to evaluate their respective positions. The Court further finds that settlement at this time will avoid substantial additional costs by all parties, as well as the delay and risks that

---

[1] As defined in the Settlement and as used herein, the terms "Defendants" or "State Farm" mean and collectively refer to defendants State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty.

would be presented by the further prosecution of the Action. The Court also finds that the Settlement has been reached as a result of intensive, arms-length negotiations utilizing an experienced third party neutral. As such, the Court finds that the Settlement, all terms of which are incorporated herein by reference, are fair, adequate, and reasonable and in the best interest of the Class Members, satisfying Federal Rule of Civil Procedure 23(e) and the fairness and adequacy factors of this Circuit.

3. The Court reconfirms its prior ruling adopting the class definitions set forth in the Settlement and Preliminary Approval Order (collectively "Class Members'). Class Members consist of the following:

(a) All State Farm employees paid using the exception hourly system who were employed by State Farm within the State of Arizona at any point on or after April 12, 2009 ("Arizona Class Members").

(b) All State Farm employees paid using the exception hourly system within the State of Minnesota since April 12, 2010 ("Minnesota Class Members").

4. The Court reconfirms Garden City Group as the Claims Administrator (as that term is defined in the Settlement) and approves as fair and reasonable $20,000 to be paid to the Claims Administrator for costs incurred in administering the Settlement, which will be paid from the Class Fund, as defined in Section III, Paragraph 8, of the Settlement. The Court directs Garden City Group to perform the remaining responsibilities of the Claims Administrator as set forth in the Settlement. Upon completion of the administration of the Settlement, the Claims Administrator will provide written certification of such completion to the Court and counsel for the Parties.

5. The Court approves as fair and reasonable the amounts requested by Class Counsel to be paid to Class Counsel for the services they have rendered, and expenses they have incurred, in prosecuting the Action in the amount of Two Hundred Eighty-Nine Thousand Six Hundred Fifteen Dollars ($289,615), which will be paid out of the Total Maximum Settlement Fund (as that term is defined in the Settlement) as explained in the Settlement, and which will not increase the amount of the Total Maximum Settlement Fund. The Court finds

that this amount, which equals thirty-three (33%) of the Total Maximum Settlement Fund is reasonable in light of the number hours expended, expenses incurred, and the result achieved by Class Counsel.

6. The Court awards incentive awards to the two Named Plaintiffs. The amounts requested are fair and reasonable for the service awards performed by the Named Plaintiffs, which include their efforts in assisting with the prosecution of the Action, on behalf of the Class Members, and in return for executing a General Release, as defined in Section I, Paragraph 22 of the Settlement. Each Named Plaintiff is therefore awarded Ten Thousand Dollars ($10,000) each, which will be paid out of the Class Fund as explained in the Settlement, and which will not increase the Total Maximum Settlement Fund.

7. The Court finds that the Notice Packet and distribution of the Notice Packet as carried out by the Claims Administrator complied with the Court's Preliminary Approval order and that the Notice Packet and distribution of the Notice Packet complied with all applicable requirements of law, including, but not limited to Rule 23 of the Federal Rules of Civil Procedure and the Constitutional requirements of due process, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of settlement. Specifically, the Notice Packet informed Class Members of the terms of the Settlement (including information regarding Class Counsel's attorneys' fees and costs), how to obtain additional information, the scope of the Released Claims and Released Parties (as those terms were defined in the Settlement), the binding effect of any judgment for those persons who do not request exclusion from the Settlement, their right to request exclusion from Settlement, their right to object to the Settlement, the date, time and location of the Final Approval Hearing/Settlement Fairness Hearing, and their right to appear in person or by counsel at the Final Approval Hearing/Settlement Fairness Hearing and be heard regarding approval of the Settlement.

8. The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case. The Court further finds that notice was provided to the Minnesota Department of Labor and Industry and the Industrial

Commission of Arizona alerting them of the settlement and penalty payments contemplated by the Settlement.

9.   Upon the Effective Date of the Settlement, as that term is defined in the Settlement, each and every Class Member who did not properly seek exclusion from the Settlement pursuant to the terms of the Settlement, on behalf of themselves and the states of Arizona and Minnesota as applicable, fully releases and discharges each Released Party (as defined below) from any and all Released Claims (as defined below).  In addition to the Released Claims, the Named Plaintiffs shall execute a General Release, as that term is defined below.

(a)   <u>Released Parties</u>:  Defendants and their past, present, or future parents, subsidiaries and affiliated corporations, and their past, present, or future officers, directors, employees, partners, members, shareholders and agents, staffing agencies, joint employers, and any other successors, assigns or legal representatives.

(b)   <u>Released Claims</u>:  All claims and causes of action arising from, or related to the following: (i) for Arizona Class Members, any and all causes of action and claims (including, without limitation, all claims for damages, penalties, attorneys' fees, and any other recovery) that were or could have been asserted for Defendants' alleged failure to comply with the recordkeeping requirements of Ariz. Admin. Code § R20-5-1210 *et seq*. and any and all associated regulations on behalf of themselves and the State of Arizona, and (ii) for Minnesota Class Members, any and all causes of action and claims (including, without limitation, all claims for damages, penalties, attorneys' fees, and any other recovery) that were or could have been asserted for Defendants' alleged failure to comply with the recordkeeping requirements of Minn. Stat. § 177.30 *et seq.* and/or Minn. R. 5200.0100 and any and all associated regulations on behalf of themselves and the State of Minnesota.  For purposes of clarity, the Released Claims are meant to encompass any and all remedies available under the recordkeeping statutes that the Named Plaintiffs alleged Defendants violated and are not meant to encompass claims for unpaid wages or overtime.

(c) <u>General Release (Named Plaintiffs in their individual capacities only)</u>: All wage and hour claims, including demands, rights, liabilities and causes of action of every nature and description whatsoever (including claims for attorneys' fees and costs), known or unknown, asserted or that might have been asserted, whether in tort, contract, and/or any state or federal statute, rule or regulation, including but not limited to the federal Fair Labor Standards Act or the wage and hour laws of Arizona and/or Minnesota, arising out of, relating to, or in connection with any act or omission by or on the part of any of the Defendants committed or omitted prior to the Effective Date. The General Release includes any unknown wage and hour claims that Named Plaintiffs do not know or suspect to exist in their favor at the time of the General Release, which, if known by each of them, might have affected their settlement with, and release of, the Released Parties or might have affected their decision not to object to this Settlement or the General Release. Named Plaintiffs may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the General Release, but Named Plaintiffs upon the Effective Date shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled and released any and all of the claims released pursuant to the General Release whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

10. Upon the Effective Date, each and every Class Member who did not properly seek exclusion from the Settlement pursuant to the terms of the Settlement is hereby forever barred and permanently enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against the Released Parties with respect to the Released Claims. Further, upon the Effective Date, the Named Plaintiffs are hereby forever barred and permanently enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining,

or consenting to any action against the Released Parties with respect to the Released Claims or any of the claims released pursuant to the General Release as defined above.

11.     The Court approves the definition and disposition of the Total Maximum Settlement Fund as that term is defined in the Settlement and orders payment of the Total Maximum Settlement Fund in accordance with the terms of the Settlement.  The Total Maximum Settlement Fund consists of the Attorneys' Fees and Cost Award and the Class Fund (which include the Incentive Awards and Claims Administration Costs), as those terms are defined in Section I, Paragraphs 4, 9, 12, and 23 of the Settlement.  The Total Maximum Settlement Fund is equal to, and shall not exceed, Eight Hundred Seventy-Seven Thousand Six Hundred Twenty-One Dollars ($877,621).  Nothing in this order shall function to increase the Total Maximum Settlement Fund.

12.     In the event the Settlement does not become final for any reasons provided in the Settlement, the Settlement <u>shall be null and void</u> and any order or judgment entered by this Court in furtherance of the Settlement shall be deemed as void from the beginning.  In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of the Settlement, and the Parties shall proceed in all respects as if the Settlement had not been executed.

13.     Neither the Settlement, nor any exhibit, document or instrument delivered hereunder, nor any statement, transaction or proceeding in connection with the negotiation, execution or implementation of this Settlement, shall be admissible in evidence for any purpose except as provided in the Settlement.

14.     On February 17, 2014, the Parties also submitted under seal an order for approval and release of wage-and-hour claims for the twenty-one plaintiffs named in the Third Amended Complaint [Doc. 282]: Lisa Nobles, Jason Atchison, Joan Nickerson, Gary Jimerson, Ben Taylor, David Galyardt, Gloria Lenox, Michele Jarrett, Steve Erickson, Kathie Walbeck, Karen Painter, Marlene Linde, Kathy Packard, Debbie Derech, Harry Redgrave, Joel Cromika, Jim Perley, Becky Marburger, Chris Brazelton, Margie Minium, and Jessica Manuel

(collectively "Other Plaintiffs"). The Parties executed individual settlement agreements submitted therein. For the reasons stated in the moving parties, the Court finds that the settlement results from a *bona fide* dispute over contested litigation and, therefore, the settlements as it relates to the Other Plaintiffs is approved. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The claims of the Other Plaintiffs are therefore DISMISSED WITH PREJUDICE and Class Counsel is awarded additional attorneys' fees and expenses as identified in the Individual Settlements and as requested in the Plaintiffs' Motion for Approval of Release of Claims Under the Fair Labor Standards Act. The Court finds that the amounts requested therein are reasonable.

15. Without affecting the finality of this order in any way, the Court shall retain exclusive jurisdiction with respect to the interpretation, implementation and enforcement of the terms of the Settlement, all orders and judgments entered in connection therewith, and other matters ancillary to the Settlement, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

16. FINAL JUDGMENT is hereby ENTERED DISMISSING WITH PREJUDICE the Action . This Final Judgment constitutes a final judgment pursuant to Federal Rule of Civil Procedure 54(a). Alternatively, the Court finds that there is no just reason for delay and this Final Judgment is a final judgment pursuant to Federal Rule of Civil Procedure 54(b). The Court DIRECTS the ENTRY OF JUDGMENT on all issues contained in this Final Judgment. Dated this 4th day of March, 2014

/s Nanette K. Laughrey_____
NANETTE K. LAUGHREY
United States District Court Judge